```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

ARNOLD DAVID VILORIO MONCADA,

      Petitioner,

v.                                     Case No. 2:26-cv-33-JES-DNF

GLADES COUNTY DETENTION CENTER, Warden, U.S. SECRETARY OF HOMELAND SECURITY, Kristi Noem, and ICE / U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Director,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Arnold David Vilorio Moncada's amended petition for writ of habeas corpus (Doc. 8) and the Government's response. (Doc. 9). For the following reasons, the petition is granted to the extent set forth in this order.

### I. Background

Vilorio Moncada is a Honduran citizen. He entered the United States without inspection on October 10, 2010. (Id.) On November 21, 2025, Vilorio Moncada was a passenger in a work vehicle when he was stopped by state troopers and eventually taken to Glades County Detention Center where he has remained since. (Id. at 4). Vilorio Moncada has two children who are United States citizens and is expecting his third child on February 18, 2026. (Id. at

3). Vilorio Moncada has no criminal record and has never had a traffic citation. (Id. at 4). He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 9 at 2).

## II.  Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Vilorio Moncada. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Among other things, Vilorio Moncada asks the Court to order Respondents to either release him or provide a prompt bond hearing. (Doc. 8 at 6).

Respondents argue that: (1) 8 U.S.C. §§ 1252(g) and (b)(9) strip the Court of jurisdiction over Vilorio Moncada's claims; (2) Vilorio Moncada failed to exhaust available administrative remedies; and (3) Vilorio Moncada is properly detained under § 1225 and is not eligible for a bond hearing. (Doc. 9 at 4).

The Court has rejected identical arguments in recent cases presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in

violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in <u>Cetino</u> and <u>Patel</u>, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Vilorio Moncada's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Vilorio Moncada is entitled to the statutory process under § 1226(a), which includes a bond hearing. <u>See</u> <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Vilorio Moncada to mandatory detention under § 1225(b)(1) is unlawful. If the respondents are unable to ensure Vilorio Moncada timely receives the bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is hereby **ORDERED**:

1. Felipe Vilorio Moncada's Amended Petition for Writ of Habeas Corpus (Doc. 8) is **GRANTED** to the extent set forth in this

Order.

2. Within **TEN (10) DAYS**, Respondents shall provide Vilorio Moncada with the statutory process required under § 1226, which includes a bond hearing.

3. If Respondents release Vilorio Moncada, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 27, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE